(R.D. 11286)

E. Taranger, Inc., et al. v. United States

Entry No. 780948, etc.

(Decided March 29, 1967)

*Tompkins & Tompkins* for the plaintiffs.
*Barefoot Sanders,* Assistant Attorney General, for the defendant.

Rao, Chief Judge: The proper value for dutiable purposes of certain items of aluminum tubing or shapes imported from Italy forms the subject of appeals for reappraisement enumerated in schedule A attached to and made part of this decision.

Said appeals have been submitted for decision upon the following stipulation of fact entered into by the parties:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, are limited to the items of merchandise on the invoices covered by the appeals in said Schedule A that are identified as aluminum tubing or shapes from Italy with identifications specified as 3S, 63S or 61S, with or without additional words, letters or numerals, and that said invoices may be received into evidence.

That said aluminum items 3S, 63S, and 61S were appraised on the basis of foreign value as set forth in Section 402(c) Tariff Act of 1930 on sales prices of similar merchandise sold domestically in Italy, and they are claimed to be dutiable on the basis of United States value under Section 402(e) of the same Act on the ground that the merchandise sold in Italy was not similar.

That said aluminum items 3S, 63S, and 61S, were produced by Trafilerie e Laminatoi di Metalli, Milan, Italy, and the merchandise, the facts and issues herein are the same in all material respects, as the merchandise, the facts and issues subject of *E. Taranger, Inc.* v. *United States,* 51 Cust. Ct. 298, Reap. Dec. 10548, the record in which case is incorporated as a part of the record in the appeals listed in said attached Schedule A.

That on the dates of exportation such and similar merchandise was not freely offered for sale in the principal markets of Italy for home consumption to all purchasers in Italy in the ordinary course of trade, nor freely offered for sale in the principal markets of Italy to all pur-

chasers in the ordinary course of trade for exportation to the United States.

That on the dates of exportation, all of which were prior to the effective date of the Customs Simplification Act of 1956, said aluminum items 3S, 63S, and 61S, were being freely offered for sale for U.S. domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, in the usual wholesale quantities and in the ordinary course of trade, with allowances for duty, cost of transportation and insurance, and other necessary expenses from Italy to the U.S. place of delivery, profits not exceeding 8%, and general expenses not exceeding 8%, at the unit invoice prices shown on above specified invoices determined f.o.b. Genoa, Italy, namely, plus, when not included in the said unit invoice prices, the amounts pro rated shown on said invoices for inland shipping costs in Italy to the port of exportation, or, when the invoice unit prices are shown to be c.i.f. U.S. port, less the amounts pro rated shown on said invoices for ocean freight and insurance.

The appeals listed in the attached Schedule A are abandoned insofar as they relate to all 63S items on said invoices that were exported after December 31, 1953.

The appeals listed in the attached Scehdule A are submitted for decision upon this stipulation.

Upon the record before the court and following the cited authority, I find and hold that United States value, as that value is defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis of value for the aluminum items 3S, 63S, and 61S in issue, and that said value is represented by the unit invoice prices on the invoices determined f.o.b. Genoa, Italy, namely, plus, when not included in the said unit invoice prices, the amounts prorated shown on said invoices for inland shipping costs in Italy to the port of exportation, or, when the invoice unit prices are shown to be c.i.f. U.S. port, less the amounts prorated shown on said invoices for ocean freight and insurance.

The appeals for a reappraisement, insofar as they relate to all 63S items on said invoices that were exported after December 31, 1953, having been abandoned, are dismissed.

Judgment will issue accordingly.